IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA L. COWLEY-DAVIS and <br> JONATHAN H. DAVIS, <br>       Plaintiffs, <br><br> v. <br><br> NATIONAL CREDIT ADJUSTERS, <br> LLC, et al., <br>       Defendants. | C.A. No. 22-292 Erie <br><br> **District Judge Susan Paradise Baxter** <br> **Magistrate Judge Richard A. Lanzillo** |

## **MEMORANDUM ORDER**

Plaintiffs Lisa L. Cowley-Davis ("Ms. Davis") and Jonathan H. Davis ("Mr. Davis") initiated this action in the Court of Common Pleas of Erie County, Pennsylvania, by filing a *pro se* complaint against Defendants National Credit Adjusters, LLC ("NCA"), CBM Services Inc. ("CBM"), Stafford Group Associates ("Stafford"), and Starmark Financial LLC ("Starmark"). The action was subsequently removed to this Court pursuant to a Notice of Removal dated October 10, 2022. [ECF No. 1]. This matter was referred to United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

Defendants CBM and Stafford have since been terminated from this case [ECF Nos. 17, 26], and Defendant Starmark has yet to be served. Plaintiffs' complaint alleges that Defendant NCA violated their rights under the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), and committed defamation under Pennsylvania state law, by allegedly reporting inaccurate or fraudulent credit information regarding Ms. Davis to the three major credit reporting companies, TransUnion, Equifax, and

1

Experian. Specifically, Plaintiffs allege that NCA falsely reported that Ms. Davis has a balance of $742.00 on an NCA account and failed to correct the allegedly false report after being notified by Ms. Davis that she was not responsible for the debt.

On October 19, 2022, Defendant NCA filed a motion to dismiss for failure to state a claim [ECF No. 6]. The motion was fully briefed by the parties. On April 26, 2023, Judge Lanzillo issued a Magistrate Judge's Report and Recommendation ("R&R") recommending that Defendant's motion be granted in part and denied in part. In particular, the R&R recommends that: (1) Defendant's motion should be granted as to Plaintiffs' FDCPA claim, and that such claim should be dismissed without prejudice to Plaintiff's right to amend such claim to cure the deficiencies identified in the R&R; (2) Defendant's motion should be granted as to Plaintiff's state defamation claim, and that such claim should be dismissed with prejudice; and (3) Defendant's motion should be denied as to Plaintiffs' FCRA claim. [ECF No. 29].

Timely objections to the R&R were filed by Defendant NCA challenging Judge Lanzillo's finding that Plaintiffs have stated a cognizable claim under the FCRA. Primarily, NCA objects to Judge Lanzillo's finding that Plaintiff has sufficiently stated a claim under Section 1681s-2(b) of the FCRA because the letter exhibit attached to Plaintiff's complaint, upon which the Magistrate Judge bases his finding, fails to establish that TransUnion forwarded notice of Plaintiff's alleged dispute to NCA within five (5) business days, as required by the FCRA to establish a private right of action under Section 1681s-2(b). In making this argument, Defendant cites the Fifth Circuit Court's decision in <u>Young v. Equifax Credit Info. Servs. Inc.</u>, 294 F.3d 631 (5th Cir. 2002), in which the court held that a plaintiff's failure to provide evidence showing that the furnisher of information (in this case, NCA) received notice of a dispute from a consumer

reporting agency within five business days caused the plaintiff's FCRA claim to fail "as a matter of law." Id. at 639. It must be emphasized, however, that the Young decision was made at the summary judgment stage, after the plaintiff was given the opportunity to discover such evidence. Here, Plaintiffs have not yet had such an opportunity, since this case is only at the pleading stage. Thus, the Court agrees with Judge Lanzillo's finding that Plaintiffs have alleged enough to state a claim under the FCRA at this early stage of the proceeding.

Defendant NCA also objects to Judge Lanzillo's failure to address the issue of Mr. Davis's Article III standing after he raised the issue in a footnote. (ECF No. 29, at n. 1). Defendant points to Third Circuit Court precedent holding that "[a court] must determine on [its] own whether standing exists," even if the parties do not address standing. (ECF No. 31, at p. 6, citing Finkelman v. NFL, 810 F.3d 187, 193 (3d Cir. 2016)). The Court agrees with Judge Lanzillo's observation that Mr. Davis's Article III standing in this case is "questionable," and also agrees with Defendant's assertion that Mr. Davis bears the burden of establishing his own standing under Article III. Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). Thus, the Court will uphold Defendant's objections in this regard and issue a show cause order requiring Plaintiffs to establish the elements of Mr. Davis's Article III standing as it relates to his FCRA claim and any amended FDCPA claim.

After *de novo* review of the complaint and documents in this case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 14th day of August, 2023;

IT IS HEREBY ORDERED that Defendant NCA's motion to dismiss [ECF No. 6] is granted in part and denied in part, as follows:

1. The motion is GRANTED as to Plaintiffs' state law defamation claim against Defendant NCA, and such claim is DISMISSED with prejudice;

2. The motion is GRANTED as to Plaintiffs' FDCPA claim against Defendant NCA, and such claim is DISMISSED without prejudice to Plaintiffs' right to file an amended complaint to correct the deficiencies noted in the R&R within thirty (30) days of the date of this Order. In the event Plaintiffs fail to file an appropriate amended complaint within such time, the Court's dismissal of Plaintiffs' FDCPA claim against Defendant NCA will be converted to a dismissal with prejudice without further notice;

3. The motion is DENIED as to Plaintiffs' FCRA claim against Defendant NCA, and such claim will be allowed to proceed beyond the pleading stage is DISMISSED, without prejudice

IT IS FURTHER ORDERED that Plaintiffs shall show cause within thirty (30) days of the date of this Order regarding Mr. Davis's Article III standing by submitting a brief within such time establishing the elements of Mr. Davis's Article III standing as it relates to his FCRA claim and his claim, if any, under the FDCPA, to the extent such claim is properly amended in accordance with this Order. The report and recommendation of Magistrate Judge Lanzillo, issued April 26, 2023 [ECF No. 29], is adopted as the opinion of the court, to the extent supplemented herein.

_Susan Paradise Baxter_
SUSAN PARADISE BAXTER
United States District Judge

cc: The Honorable Richard A. Lanzillo
U.S. Magistrate Judge

all parties of record